UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**REGGIE KENNETH WATSON JR.**                                                            **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:18-CV-P460-GNS**

**KIMBERLY W. SHUMATE** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Reggie Kenneth Watson Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner incarcerated in the Hardin County Detention Center (HCDC). He brings this action pursuant to 42 U.S.C. § 1983 against Hardin District Court, Division II, Judge Kimberly W. Shumate and Radcliff Police Department Detective Michael Barry in their individual and official capacities. Plaintiff claims discrimination and alleges as follows:

> On Nov. 16th 2017 I was arrested and charged with POS of handgun by convicted felon.[1] I was also acompanied by my girlfriend Brandy Miller at the time and she also was and still is a convicted felon and was not charged. On Dec. 8th 2017 in Hardin District Court Div. II Brandy Miller admitted on stand in court that she done the crime and she still was not charged with

---

[1] The KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, indicates that Plaintiff was "Charged on 11/15/2017 by citation" with receiving stolen property (firearm), being a convicted felon in possession of a handgun, and burglary in the first degree and that the "Criminal Complaint/Warrant/Summons [were] filed on 11/16/2017." *See* Hardin District Court, No. 17-F-1345 (electronic docket sheet) (last visited Dec. 19, 2018). CourtNet further indicates that Plaintiff was convicted on May 21, 2018, of receiving stolen property (firearm) and being a felon in possession of a handgun. *See* Hardin Circuit Court, No. 18-CR-93 (electronic docket sheet) (last visited Dec. 19, 2018). Courts may take judicial notice of public records. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

anything. I am a black male and she is white. I feel that I was targeted because of my race.

As relief, Plaintiff seeks damages.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. *Judge Shumate*

#### 1. *Official capacity*

The official-capacity claim against Judge Shumate will be dismissed on two bases. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

#### 2. *Individual capacity*

As to the individual-capacity claim, some factual basis for claims against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Other than listing her as a Defendant, Plaintiff does not mention Judge Shumate in any other part of the complaint. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation). Presuming Judge Shumate presided over the December 8, 2017, matter when Miller took the stand, Judge Shumate is entitled to absolute judicial immunity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all

3

actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.") (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).

### B. Detective Barry

#### 1. *Official capacity*

Because "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. at 165-66 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)), Plaintiff's official-capacity claim against Detective Barry is against the City of Radcliff.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that

policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the City of Radcliff. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the official-capacity claim against Detective Barry will be dismissed.

## 2. *Individual capacity*

As to the individual-capacity claim, while Plaintiff does not mention Detective Barry in the facts, the Court presumes, in construing the complaint in a light most favorable to the *pro se* litigant, that Plaintiff claims Detective Barry was involved in arresting/charging him with "POS of handgun by convicted felon" in November 2017 based on his race. Plaintiff has now been convicted on that and other charges.

Plaintiff's equal-protection claim is barred by the *Heck* doctrine. Under this doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In the present case, a finding that Detective Barry violated the Constitution by arresting/charging Plaintiff based on his race would necessarily imply the invalidity of his continued confinement. *See, e.g.*, *Fairbanks v. O'Hagan*, 255 F. Supp. 3d 239, 245-46 (D. Mass. 2017) ("Plaintiff's equal protection claim is barred by the *Heck* doctrine. A conviction derived from an officer's selective enforcement of laws in violation of a defendant's Equal Protection rights is invalid.") (citing *Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety Div. of State Police*, 411 F.3d 427, 440-41 (3d Cir. 2005), *overruled on other grounds by Dique v. N.J. State Police*, 603 F.3d 181 (3d Cir. 2010)); *Goldsby v. Kaschmitter*, No. 1:14-CV-00032-REB, 2016 WL 1367737, at *5 (D. Idaho Apr. 6, 2016), *aff'd sub nom. Lamont-Goldsby v. Kaschmitter*, 712 F. App'x 701 (9th Cir. 2018) ("In the analogous setting of civil rights cases where a plaintiff alleges that an arrest was impermissibly tainted by racial profiling, courts have routinely held that if a successful claim for racially discriminatory enforcement of the criminal law would implicate a plaintiff's conviction and sentence, the *Heck v. Humphrey* bar is triggered."); *Robinson v. Donovan*, No. 4:13-CV-14752, 2015 WL 4528036, at *10 (E.D. Mich. July 27, 2015) (adopting report and recommendation) ("To the extent Robinson alleges that the officers treated him differently on the basis of his race because they arrested him for heroin possession, but declined to arrest Leist and Helmer on the same charge, this claim is also barred under *Heck*."); *Hutson v. Felder*, No. 5:07-183-JMH, 2008 WL 4186893, at *5 (E.D. Ky. Sept. 10, 2008) ("[T]he Court concludes that plaintiff's allegations of racial profiling are inextricably intertwined with her prosecution and conviction, and hence are barred by *Heck*."). Because

Plaintiff has not alleged that his conviction has been overturned, his racial-discrimination claim is barred by the *Heck* doctrine and will be dismissed.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: December 20, 2018

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4416.005